FILED

2003 OCT 16 P 4:03

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DATA SUPPORT ASSOCIATES, INC<br>Plaintiff,<br>VS.<br><br>MGE UPS SYSTEMS, INC.<br>Defendant.<br><br><br>MGE UPS SYSTEMS, INC.<br>Third Party Plaintiff,<br>VS.<br><br>ENERSYS, INC.,<br>Third Party Defendant. | : CIVIL ACTION NO.<br>:<br>:<br>: 3:02 CV 1418 (DJS)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: OCTOBER 16, 2003 |

### ASSENTED-TO MOTION TO EXTEND AND MODIFY SCHEDULING ORDER

Pursuant to D. Conn. L. Civ. R. 7(b), Defendant/Third Party Plaintiff MGE UPS Systems, Inc. ("MGE"), with the agreement of all other parties to this action, hereby moves for an extension and modification of the remaining deadlines in the Court's scheduling order dated March 17, 2003. As set forth below, MGE requests that the Court extend by three months certain deadlines in the scheduling order because, despite the parties' best cooperative efforts, the remaining discovery needed by all parties cannot be accomplished by the existing deadlines. In support of this Motion, MGE represents as follows:

**ORAL ARGUMENT NOT REQUESTED**

1. This is a large commercial case with several claims, counterclaims, and third-party claims. To date, tens of thousands of pages of documents have been produced by the three parties involved, i.e., Plaintiff Data Support Associates, Inc. ("DSA"), MGE, and Third-Party Defendant Enersys, Inc. ("Enersys"). In addition, since the end of April, 2003, ten witnesses (including Rule 30(b)(6) witnesses) have been deposed over twelve days at locations in California, Pennsylvania, and Connecticut. All of this discovery has been accomplished in a largely cooperative manner, and to MGE's knowledge, no discovery motions have been filed and the parties have otherwise managed to avoid burdening the Court with discovery disputes.

2. The parties currently estimate that another ten depositions, including expert depositions and depositions of third-party witnesses, will be needed to complete discovery. Three of these depositions – two of which will take place in California – have already been scheduled. The parties have been working diligently to schedule the remaining depositions but have concluded that it will be impossible to fix dates for those depositions in the time remaining under the existing scheduling order. (The deadline for competing all discovery under the existing scheduling order is November 14, 2003.) This is in part because some of the remaining witnesses are third-party witnesses or experts who reside outside the District of Connecticut and whose busy schedules have to be coordinated with those of counsel for the three parties involved.

3. The parties have conferred in an effort to set a realistic schedule for accomplishing the remaining discovery in this case and for completing other pre-trial tasks. Based on these

consultations, MGE respectfully requests, on behalf of itself and DSA and Enersys, that the Court modify the scheduling order to reflect the following revised deadlines:

    a. Defendants will disclose their experts (and provide reports) by January 15, 2004;

    b. All discovery, including expert depositions, to be completed by February 15, 2004;

    c. All dispositive motions, if any, to be filed by February 15, 2004;

    d. Parties' Joint Trial Memorandum to be filed by April 1, 2004, unless any dispositive motion(s) are filed, in which case the joint trial memorandum shall be filed within 30 days of any decision of the Court on such dispositive motion(s); and

    e. Case to be ready for trial by April 1, 2004.

4. Although the Court previously revised the schedule in this action following a March 7 status conference held shortly after Enersys was brought into the case, this is the first time that MGE or any other party has moved for an extension of the deadlines set forth in the scheduling order.

5. After the first few depositions in the case were held in late April and May of this year, the parties attended an early settlement conference with the Honorable Thomas Smith but were unable to reach a resolution.

6.    As noted above, the undersigned counsel has conferred with counsel for DSA and counsel for Enersys, and all parties have agreed to the proposed revised schedule set forth in this Motion.

Accordingly, MGE respectfully requests that the Court grant this Motion to Extend and Modify Scheduling Order.

DEFENDANT,
MGE UPS SYSTEMS, INC.

By: _____
Michael P. Shea (ct#19598)
Mario R. Borelli (ct# 18577)
Jason S. Weathers (ct# 24579)
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499
(860) 275-0100
(860) 275-0343 (fax)

Its Attorneys

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was sent on October 16, 2003 by first-class mail, postage prepaid, to all counsel and pro se parties as follows:

Gary S. Klein, Esq.
Sandak Hennessey & Greco, LLP
970 Summer Street
Stamford, CT 06905

Daniel Huyett, Esq.
Stevens & Lee
111 North Sixth Street
P.O. Box 679
Reading, PA 19603

Bradford S. Babbitt, Esq.
Robinson & Cole
280 Trumbull St.
Hartford, CT 06103-3597

Patrick J. McHugh, Esq.
Finn, Dixon & Herling LLP
One Landmark Square
Suite 1400
Stamford, CT 06901-2689

_____
Mario R. Borelli

5