UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
                                                        )
DATA SUPPORT ASSOCIATES, INC.   )
                                                        )
                                                        )
            Plaintiff,                              )
                                                        ) CIVIL ACTION NO.
                                                        ) 3: 02 CV1418 (DJS)
v.                                                    )
                                                        )
                                                        )
MGE UPS SYSTEMS, INC.              )
                                                        )
            Defendant.                          )
_____) February 12, 2004

**PLAINTIFF'S REPONSE TO COUNTERCLAIMS**

For its Answer and Affirmative Defenses to Defendant MGE UPS Systems, Inc.'s ("MGE") Counterclaims dated February 4, 2004, the Plaintiff Data Support Associates, Inc. ("DSA") states as follows:

1. DSA hereby denies the allegations of this paragraph.

2. DSA denies knowledge or information sufficient to form a belief as to the truth of this paragraph and leaves MGE to its proof.

3. DSA denies knowledge or information sufficient to form a belief as to the truth of this paragraph and leaves MGE to its proof.

4. DSA admits the allegations of this paragraph.

5. DSA denies knowledge or information sufficient to form a belief as to the truth of this paragraph and leaves MGE to its proof.

6. DSA admits the allegations of this paragraph.

7. DSA denies knowledge or information sufficient to form a belief as to the truth of this paragraph and leaves MGE to its proof.

8. DSA admits the allegations of this paragraph.

9. DSA incorporates its responses to paragraphs 1-8 as its response to this paragraph.

10. DSA denies the allegations of this paragraph.

11. DSA denies that it is liable for the Promissory Note and refers the Court to the document, which speaks for itself, for an interpretation thereof.

12. DSA denies the allegations of this paragraph.

13. DSA denies the allegations of this paragraph.

14. DSA denies the allegations of this paragraph.

15. DSA denies the allegations of this paragraph.

16. DSA denies the allegations of this paragraph.

17. DSA denies the allegations of this paragraph.

18. DSA denies the allegations of this paragraph.

19. DSA incorporates its responses to paragraphs 1-8 as its response to this paragraph.

20. DSA denies knowledge or information sufficient to form a belief as to the truth of this paragraph and leaves MGE to its proof.

21. DSA denies knowledge or information sufficient to form a belief as to the truth of this paragraph and leaves MGE to its proof.

22. DSA denies knowledge or information sufficient to form a belief as to the truth of this paragraph and leaves MGE to its proof.

23. DSA denies the allegations of this paragraph.

24. DSA denies the allegations of this paragraph.

25. DSA denies knowledge or information sufficient to form a belief as to the truth of this paragraph and leaves MGE to its proof.

26. DSA denies knowledge or information sufficient to form a belief as to the truth of this paragraph and leaves MGE to its proof.

27. DSA denies the allegations of this paragraph.

28. DSA denies the allegations of this paragraph.

29. DSA hereby incorporates its responses to paragraphs 1-8 and 20-28 as its response to this paragraph.

30. DSA denies the allegations of this paragraph.

31. DSA denies the allegations of this paragraph.

32. DSA denies the allegations of this paragraph.

33. DSA denies the allegations of this paragraph.

34. DSA denies the allegations of this paragraph.

35. DSA hereby incorporates its responses to paragraphs 1-8 as its response to this paragraph.

36. DSA admits the allegations of this paragraph but denies liability on the referenced document.

37. DSA denies liability under the Sublease and refers the Court to the terms of the document, which speaks for itself, for an interpretation thereof.

38. DSA denies liability under the Sublease and refers the Court to the terms of the document, which speaks for itself, for an interpretation thereof.

39. DSA denies liability under the Sublease and refers the Court to the terms of the document, which speaks for itself, for an interpretation thereof.

40. DSA denies the allegations of this paragraph.

41. DSA denies the allegations of this paragraph.

42. DSA denies the allegations of this paragraph.

43. DSA denies liability under the Sublease and refers the Court to the terms of the document, which speaks for itself, for an interpretation thereof.

44. DSA denies the allegations of this paragraph.

45. DSA denies the allegations of this paragraph.

46. DSA hereby incorporates its responses to paragraphs 1-8 hereof as its response to this paragraph.

47. DSA denies knowledge or information sufficient to form a belief as to the truth of this paragraph and leaves MGE to its proof.

48. DSA denies the allegations of this paragraph.

49. DSA denies the allegations of this paragraph.

50. DSA denies the allegations of this paragraph.

51. DSA denies the allegations of this paragraph.

## FIRST AFFIMATIVE DEFENSE TO ALL COUNTS

MGE's claims fail to state causes of action upon which relief can be granted.

## SECOND AFFIMATIVE DEFENSE TO ALL COUNTS

MGE's claims are barred for failure to name all necessary and/or indispensable parties.

**THIRDAFFIMATIVE DEFENSE TO ALL COUNTS**

MGE's claims are barred by the doctrine of waiver.

**FOURTH AFFIMATIVE DEFENSE TO ALL COUNTS**

MGE's claims are barred by the doctrine of estoppel.

**FIFTH AFFIMATIVE DEFENSE TO ALL COUNTS**

MGE's claims are barred by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE TO ALL COUNTS**

Without admitting--and specifically denying—liability on any or all of MGE's claims, DSA hereby states that MGE's liability for DSA's affirmative claims set forth in its Second Amended Complaint exceeds DSA's liability, if any, for the amounts claimed by MGE in its Counterclaims.  Therefore, MGE's claims are barred by the doctrine of legal and/or equitable setoff.

**THE PLAINTIFF, DATA SUPPORT ASSOCIATES, INC.**

By_____/s/ Gary S. Klein_____
　　　　Gary S. Klein (ct 09827)
　　　　Sandak Hennessey & Greco, LLP
　　　　970 Summer Street
　　　　Stamford, CT  06905
　　　　(203) 425-4200
　　　　(203) 325-8608 (fax)
　　　　gklein@shglaw.com
　　　　Its Attorneys

6

## **CERTIFICATION**

      I certify that a copy of the foregoing was sent via first class mail on this February 12, 2004 to:

Michael P. Shea, Esq.
Day Berry & Howard
CityPlace I
Hartford, CT 06103

Bradford S. Babbitt, Esq.
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103-3597

Daniel B. Huyett, Esq.
Stevens & Lee
111 North Sixth Street
P.O. Box 679
Reading, PA 19603-0679

                                                                                    __/s/ Gary S. Klein___
                                                                                    Gary S. Klein