UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DATA SUPPORT ASSOCIATES, INC | : | CIVIL ACTION NO. |
| Plaintiff, | : | |
| VS. | : | 3:02 CV 1418 (DJS) |
| MGE UPS SYSTEMS, INC. | : | |
| Defendant. | : | |
| MGE UPS SYSTEMS, INC. | : | |
| Third Party Plaintiff, | : | |
| VS. | : | |
| ENERSYS, INC., | : | |
| Third Party Defendant. | : | FEBRUARY 27, 2004 |

**SECOND AMENDED THIRD PARTY COMPLAINT**

The defendant/third party plaintiff, MGE UPS Systems, Inc. ("MGE"), hereby files the following third party complaint against third party defendant Enersys, Inc. ("Enersys"):

**The Parties**

1.  MGE is a California corporation with its principal place of business in California.

2.  Enersys is a Delaware corporation with its principal place of business in Pennsylvania. Upon information and belief, Enersys is the successor in interest to Yuasa, Inc.

3.      First party plaintiff Data Support Associates, Inc. ("DSA"), a Connecticut corporation with its principal place of business in Connecticut, filed the first party complaint against MGE on August 15, 2002.

### Jurisdiction and Venue

4.      This Court has jurisdiction over the first party complaint pursuant to 28 U.S.C. § 1332.  The Court has jurisdiction over this third party complaint pursuant to 28 U.S.C. §§ 1332 and 1367.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### First Count (Breach of Contract)

6.      MGE builds and sells uninterruptible power supply systems ("UPS Systems") to clients for commercial applications.

7.      MGE obtains products ancillary to UPS Systems, such as batteries, from manufacturers and suppliers, and then resells them to its customers.

8.      Enersys is a manufacturer of batteries that supplies MGE with products for resale.

9.      DSA alleges in its first party complaint that in or around April, 2000, MGE entered into an agreement with DSA to supply certain UPS Systems, including certain batteries which were a part of those systems (the "Battery Systems").

10.     On or about March 23, 2000, MGE purchased the Battery Systems from Enersys. This purchase was memorialized in five purchase orders, Nos. 69074, 69078, 69080, 69082 and 69084 (the "Purchase Orders").

11. MGE's purchase of the Battery Systems was subject to terms and conditions printed on the Purchase Orders (the "Terms and Conditions"). A copy of the Terms and Conditions is attached as Exhibit A.

12. Paragraph 8 of the Terms and Conditions, titled "Indemnity," provides in relevant part that "Seller shall also indemnify Buyer, its successors and assigns and its customers (whether direct or indirect) against any and all losses, damages, and expenses (including attorneys fees and other costs of defending any action) which they, or any of them, may sustain or incur as a result of any claim of negligence, breach of warranty or strict liability in tort in connection with the use of the goods furnished hereunder, except such as may be caused by the negligence of Buyer, its successors and assigns and/or its customers."

13. Enersys delivered certain Battery Systems in July 2000 and thereafter, and received payment for the goods. MGE resold the Battery Systems to DSA.

14. DSA alleges in its first party complaint that the Battery Systems failed to conform to DSA's specifications (the "Specifications"), and seeks all available remedies under Article 2 of the Connecticut Uniform Commercial Code.

15. The claim alleged in DSA's first party complaint against MGE is in whole or in part a claim for breach of express warranty under Conn. Gen. Stat. § 42a-2-313(1)(b), and therefore falls within the indemnity provision of the Terms and Conditions.

16. On October 16, 2002, MGE made demand that Enersys acknowledge its obligations to indemnify MGE in connection with DSA's first party complaint.

17. On October 29, 2002, Enersys refused to indemnify MGE for any defense costs and for any liability MGE might incur in the event that DSA prevailed in its complaint against MGE.

18. MGE has suffered damages from Enersys's breach of its obligation to indemnify MGE.

**Second Count (Indemnification)**

19. MGE hereby realleges paragraphs 1 through 10, 13 through 14, and 16 through 18 of this Third Party Complaint as if fully set forth herein.

20. To the extent that the Battery Systems do not conform to the Specifications as alleged in DSA's first party complaint, MGE bears no independent fault for any such non-conformity and/or any fault for such non-conformity is that of Enersys.

21. In the event that MGE is found to be liable to DSA, such liability would be due to the fault and/or negligence of Enersys and Enersys is thus liable in whole or in part to MGE for any defense costs and/or liability arising from DSA's first party complaint against MGE.

**Third Count (Breach of Warranty)**

22. MGE hereby realleges paragraphs 1 through 10, 13 through 14, and 16 through 18 of this Third Party Complaint as if fully set forth herein.

23. In connection with MGE's purchase of the Battery Systems, Enersys made certain warranties to MGE.

24. Enersys was aware that the Battery Systems were required to meet the Specifications at the time it sold the Battery Systems to MGE.

-5-

25. To the extent that the Battery Systems do not conform to the Specifications and/or MGE is found to have breached any warranty or other obligation to DSA, then Enersys has breached one or more of its warranties to MGE.

26. To the extent that the Battery Systems do not conform to the Specifications and/or MGE is found to have breached any warranty or other obligation to DSA, then such non-conformity and/or breach was the direct, proximate and foreseeable result of the breach(es) by Enersys of one or more of its warranties to MGE.

27. MGE has suffered damages from Enersys's breach(es) of one or more of its warranties to MGE, including, without limitation, defense costs associated with defending DSA's first party complaint.

28. Accordingly, MGE seeks all remedies for breach of warranty available pursuant to the Uniform Commercial Code, or in the alternative, indemnification for defense costs and any liability arising from DSA's first party complaint.

WHEREFORE, MGE requests the following:

1) Indemnification;

2) Damages;

3) Attorney's fees and expenses;

4) Costs; and

5) Such other relief as the Court deems appropriate.

<u>JURY DEMAND</u>

Pursuant to the United States Constitution, the Constitution of the State of Connecticut and Federal Rule of Civil Procedure 38, Defendant/Third Party Plaintiff MGE-UPS Systems, Inc., respectfully requests a trial by jury on all issues so triable.

        DEFENDANT/THIRD PARTY PLAINTIFF,
        MGE UPS SYSTEMS, INC.

By _____
    Michael P. Shea (ct#19598)
    Jason S. Weathers (ct#24579)
    Day, Berry & Howard LLP
    CityPlace I
    Hartford, Connecticut 06103-3499
    (860) 275-0100
    Its Attorneys

## **CERTIFICATION**

       THIS IS TO CERTIFY that a copy of the foregoing was mailed on this date by regular first class mail to all counsel and pro se parties as follows:

| | |
|---|---|
| Gary S. Klein, Esq.<br>Sandak Hennessey & Greco, LLP<br>970 Summer Street<br>Stamford, CT  06905 | Daniel B. Huyett, Esq.<br>Stevens & Lee<br>111 North Sixth Street<br>P.O. Box 679<br>Reading, PA 19603 |
| Bradford S. Babbitt, Esq.<br>Robinson & Cole<br>280 Trumbull St.<br>Hartford, CT 06103-3597 | Patrick J. McHugh, Esq.<br>Finn, Dixon & Herling LLP<br>One Landmark Square<br>Suite 1400<br>Stamford, CT  06901-2689 |

                                                                                            _____
                                                                                            Michael P. Shea