UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **DATA SUPPORT ASSOCIATES, INC.,** | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO. 3:02 CV 1418 (DJS) |
| v. | : | |
| | : | |
| **MGE UPS SYSTEMS, INC.,** | : | TRIAL BY JURY DEMANDED |
| Defendant and | : | |
| Third-Party Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| **ENERSYS INC.,** | : | |
| Third-Party Defendant. | : | MARCH 15, 2004 |

**THIRD-PARTY DEFENDANT ENERSYS INC.'S
ANSWER AND AFFIRMATIVE DEFENSES
TO SECOND AMENDED THIRD-PARTY COMPLAINT**

As and for its answer to the Second Amended Third-Party Complaint in the above captioned action, Third-Party Defendant EnerSys Inc. ("EnerSys") states as follows:

1. As to the allegations contained in paragraph 1, EnerSys lacks information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, leaves the third-party plaintiff to its proof.

2. Admitted.

3. As to the allegations contained in paragraph 3, EnerSys lacks information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, leaves the third-party plaintiff to its proof.

4. EnerSys admits this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1367.

5.  Admitted.

### ANSWER TO FIRST COUNT

6.  Admitted.

7.  Admitted.

8.  Admitted.

9.  Denied inasmuch as the allegation refers to a document the content of which speaks for itself.

10. Denied.

11. Denied.

12. Denied.

13. It is admitted that one delivery was made in July 2000 and that others were made thereafter, and that payment was received for the goods. It is admitted that the battery systems were resold to DSA.

14. Denied inasmuch as the allegation refers to a document the content of which speaks for itself.

15. Denied inasmuch as the allegation refers to a document the content of which speaks for itself.

16. As to the allegations contained in paragraph 16, EnerSys admits only that MGE demanded that EnerSys provide MGE with indemnification in connection with DSA's first party complaint on October 16, 2002. The remaining allegations of paragraph 16 are denied.

17. Admitted.

18. Denied.

## ANSWER TO SECOND COUNT

19. EnerSys hereby realleges paragraphs 1 through 10, 13 through 14, and 16 through 18 of this Answer as if fully set forth herein.

20. Denied.

21. Denied.

## ANSWER TO THIRD COUNT

22. EnerSys hereby realleges paragraphs 1 through 10, 13 through 14, and 16 through 18 of this Answer as if fully set forth herein.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**

The Third-Party Complaint fails to state claims upon relief can be granted.

**Second Affirmative Defense**

The claims alleged are barred by all applicable statutes of limitations and/or other statutes that may time bar the claims.

**Third Affirmative Defense**

Plaintiff and Third Party Plaintiff have failed to mitigate their damages, if any, which EnerSys denies, and therefore are barred, in whole or in part, for any recovery in this action.

**Fourth Affirmative Defense**

The damages or injuries allegedly suffered by Plaintiff and/or the Third-Party Plaintiff, either in whole or in part, are the result of intervening or independent causes, including but not limited to the actions of third parties and/or the Plaintiff and the Third-Party Plaintiff, and are not the result of an act or omission on the part of EnerSys. As such, recovery against EnerSys is barred, either in whole or in part.

**Fifth Affirmative Defense**

Plaintiff and Third-Party Plaintiff have engaged in a course of conduct whereby they caused or contributed to, either in whole or in part, the damage alleged. Any recovery is therefore barred or limited to the extent they were the cause of or contributed to the damage alleged.

**Sixth Affirmative Defense**

Third-Party Plaintiff has waived and/or is estopped from asserting its claims.

**Seventh Affirmative Defense**

The claims and remedies may be barred by the doctrine of laches.

**Eighth Affirmative Defense**

The parties' rights and remedies are subject to, controlled by, and limited by the EnerSys Product Warranty that relates to the Battery Systems sold to MGE including but not limited to its exclusions and limitations and including the modification to the warranty applicable to the five Battery Systems installed at the Globix facilities at 415 Greenwich Street, New York, which modification was memorialized in a writing dated May 16, 2002 from Stephen Vechy of EnerSys to Jeff Wiederkehr of MGE.

**Ninth Affirmative Defense**

The parties' rights and remedies are subject to, controlled by, and limited by the Order Acknowledgments that relate to the Battery Systems, including but not limited to their terms and conditions.

## PRAYER FOR RELIEF

WHEREFORE, Third-Party Defendant EnerSys Inc. prays for the following:

1. That MGE take nothing by reason of its Third-Party Complaint;

2. That the Third-Party Complaint be dismissed with prejudice;

3. That EnerSys, Inc. be awarded its costs incurred herein, including attorneys' fees; and

4. For such other and further relief as this Court, in its discretion, may deem just and proper.

## JURY DEMAND

Pursuant to the United States Constitution, the Constitution of the State of Connecticut and Federal Rule of Civil Procedure 38, Third-Party Defendant EnerSys, Inc. respectfully requests a trial by jury on all issues so triable raised in the Second Amended Third-Party Complaint and the Third-Party Answer and Affirmative Defenses.

THIRD-PARTY DEFENDANT ENERSYS, INC.

By_____
Bradford S. Babbitt (ct# 13938)
Email: bbabbitt@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel.: 860-275-8200
Fax: 860-275-8299

Of counsel:

Daniel B. Huyett
Stevens & Lee
111 North Sixth Street
P.O. Box 679 Reading, PA 19603

## CERTIFICATION

This is to certify that a copy of the foregoing Answer & Affirmative Defenses to Second Amended Third-Party Complaint was transmitted by facsimile and mailed, first-class postage prepaid, on the 15th day of March, 2004, to:

Michael P. Shea, Esq.
Day, Berry & Howard LLP
CityPlace I, 185 Asylum Street
Hartford, CT  06103-3499

Gary S. Klein, Esq.
Sandak, Hennessey & Greco, LLP
970 Summer Street
Stamford, CT  06905

_____
Bradford S. Babbitt