**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| DATA SUPPORT ASSOCIATES, INC : | CIVIL ACTION NO. |
|         Plaintiff, : | |
| VS. : | |
| : | 3:02 CV 1418 (DJS) |
| MGE UPS SYSTEMS, INC. : | |
|         Defendant. : | |
| : | |
| : | |
| : | |
| MGE UPS SYSTEMS, INC. : | |
|         Third Party Plaintiff, : | |
| : | |
| VS. : | |
| : | |
| ENERSYS, INC., : | |
|         Third Party Defendant. : | |
| : | MARCH 15, 2004 |
| : | |

**JOINT TRIAL MEMORANDUM**

    1.    **TRIAL COUNSEL:**

**For the Plaintiff:**

Gary S. Klein (ct 09827)
Peter M. Nolin (ct06223)
Sandak Hennessey & Greco, LLP
970 Summer Street
Stamford, CT  06905
(203) 425-4200
(203) 325-8608 (fax)
gklein@shglaw.com

**For the Defendant/Counterclaim Plaintiff/Third Party Plaintiff MGE UPS Systems, Inc.:**

Michael P. Shea (ct19598)
Jason S. Weathers (ct24579)
Day Berry & Howard
CityPlace I
Hartford, CT 06103
860-275-0146
860-275-0343 (fax)

**For the Third Party Defendant Enersys, Inc.:**

Daniel B. Huyett (ct24418)
Matthew W. Rappleye
Stevens & Lee
111 North Sixth Street
P.O. Box 679
Reading, PA 19603-0679
610-478-2219
610-376-5610 (fax)

Bradford S. Babbitt (ct13938)
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103-3597
860-275-8209
860-275-8299 (fax)

> 2. **JURISDICTION:** Jurisdiction over the first-party complaint is founded on diversity of citizenship. 28 U.S.C. § 1332. Jurisdiction over the third-party complaint is founded on diversity of citizenship and supplemental jurisdiction. 28 U.S.C. §§ 1332 and 1367.

2

3. **JURY/NON-JURY:** Defendant, Counterclaim Plaintiff and Third-Party Plaintiff MGE UPS Systems, Inc. has demanded a jury trial on all issues in the case. Third-Party Defendant Enersys, Inc. has also demanded a jury trial.

4. **LENGTH OF TRIAL:** Counsel believe that this case will consume fifteen (15) trial days.

5. **FURTHER PROCEEDINGS:** The Court may need to hold hearings with regard to the various evidentiary issues raised by the parties.

6. **NATURE OF CASE:**

   **Plaintiff's Claims:** Plaintiff's Second Amended Complaint contains two causes of action. In the first count, Plaintiff Data Support Associates, Inc. ("DSA") seeks damages, costs, attorney's fees, and all remedies afforded rejecting buyers under Article 2 of the Uniform Commercial Code for the failure to Defendant MGE UPS Systems, Inc. ("MGE") to deliver a series of battery systems that conform to DSA's requirements. DSA contends that it rightfully rejected these battery systems and/or justifiably revoked its acceptance of the same. In the Second Cause of Action, DSA seeks damages in the form of unpaid commissions arising from MGE's termination of its relationship with DSA and its

failure to pay all commissions due and owing to DSA at the time. DSA denies liability on MGE's counterclaims.

**MGE's Claims and Defenses:** MGE denies liability on the claims asserted in DSA's Second Amended Complaint, and has asserted various affirmative defenses to those claims. MGE also denies that DSA has suffered any damages from any failure of the battery systems to meet specifications.

MGE has also asserted five counterclaims against DSA, most of which relate to other business dealings between the two companies: (1) non-payment for goods specifically ordered by DSA (breach of contract), (2) fraud for inducing MGE to ship those goods by issuing a check and then stopping payment on the check after MGE shipped the goods, (3) non-payment of a promissory note evidencing an underlying debt owed by DSA to MGE, (4) non-payment of a series of buy-and-resale orders including both products and services sold by MGE to DSA and resold by DSA to third parties, and (5) breach of a sublease, which stems from DSA's abandonment of office space in New York City subleased to it by MGE. MGE seeks compensatory damages, punitive damages, attorneys' fees and other relief on these counterclaims.

MGE has also filed a three-count third-party complaint against Enersys,

Inc., which manufactured the battery systems that are the subject of DSA's Second Amended Complaint.  MGE's position is that if DSA proves that MGE is liable in connection with the battery systems, then Enersys is liable to MGE and must fully indemnify MGE for any such liability.  MGE did not manufacture the batteries but merely purchased them from Enersys and re-sold them to DSA.  MGE's Second Amended Third-Party Complaint sets forth three causes of action: (1) breach of the terms of a purchase order, (2) common law indemnity, and (3) breach of warranty.  To the extent that DSA is awarded damages and/or attorneys' fees against MGE in connection with the batteries and/or in connection with the equipment described in DSA's complaint as "Collateral Materials," MGE contends that it is entitled to indemnification for all such damages, as well as indemnification for all attorneys' fees it has incurred in defending this action and prosecuting its third-party complaint.

**EnerSys Defenses:**  EnerSys denies liability on the claims asserted in DSA's amended complaint insofar as they relate to the sale of batteries, and denies liability on the claims MGE has asserted in its third-party complaint, and has asserted various affirmative defenses to those claims.  As to the MGE third-party complaint, even if DSA proves MGE is liable in connection with the batteries,

5

EnerSys is not liable to MGE because, for example, MGE was involved with the procurement process; for a significant time, it controlled the batteries after MGE purchased them from EnerSys; and it controlled the selection of the batteries for the Globix - New York Site.

7. **TRIAL BY MAGISTRATE JUDGE:**  The parties do not consent to trial by Magistrate Judge.

8. **LIST OF WITNESSES:** The parties have submitted their respective list of witnesses attached hereto.

9. **EXHIBITS:**  The parties have submitted their respective list of exhibits attached hereto.

10. **TRIAL TO THE JURY:**  After good-faith efforts, the parties have been unable to reach any meaningful stipulations as to fact and law, but they will continue to confer in an effort to narrow the issues for trial.  The parties have submitted herewith their (1) proposed voir dire questions; and (2) proposed jury instructions.

11. **ANTICIPATED EVIDENTIARY PROBLEMS:**  The parties have submitted herewith their respective memoranda regarding evidentiary problems.

**THE PLAINTIFF, DATA SUPPORT ASSOCIATES, INC.**


By_____/s/Gary S. Klein_____
      Gary S. Klein (ct 09827)
      Sandak Hennessey & Greco, LLP
      970 Summer Street
      Stamford, CT  06905
      (203) 425-4200
      (203) 325-8608 (fax)
      gklein@shglaw.com
      Its Attorneys

**THE DEFENDANT/THIRD PARTY
PLAINTIFF, MGE UPS SYSTEMS, INC.**


By\_\_\_\_\_/s/Michael P. Shea_____
      Michael P. Shea (ct19598)
      Jason S. Weathers (ct24579)
      Day Berry & Howard
      CityPlace I
      Hartford, CT 06103
      860-275-0146
      860-275-0343 (fax)
      Its Attorneys

**THE THIRD PARTY DEFENDANT,
ENERSYS, INC.**


By     /s/Daniel B. Huyett
      Daniel B. Huyett (ct24418)
      Stevens & Lee
      111 North Sixth Street
      P.O. Box 679
      Reading, PA 19603-0679
      610-478-2219
      610-376-5610

      Bradford S. Babbitt (ct13938)
      Robinson & Cole, LLP
      280 Trumbull Street
      Hartford, CT 06103-3597

      Its Attorneys

## CERTIFICATION

I certify that a copy of the foregoing was sent via first class mail on March 15, 2004 to:

Michael P. Shea, Esq.
Jason Weathers, Esq.
Day Berry & Howard
CityPlace I
Hartford, CT 06103

Bradford S. Babbitt, Esq.
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103-3597

Daniel B. Huyett, Esq.
Stevens & Lee
111 North Sixth Street
P.O. Box 679
Reading, PA 19603-0679

            ____/s/Gary S. Klein_____
                Gary S. Klein