**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DATA SUPPORT ASSOCIATES, INC | : | CIVIL ACTION NO. |
| Plaintiff, | : | |
| VS. | : | |
| | : | 3:02 CV 1418 (DJS) |
| MGE UPS SYSTEMS, INC. | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |
| MGE UPS SYSTEMS, INC. | : | |
| Third Party Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| ENERSYS, INC., | : | |
| Third Party Defendant. | : | |
| | : | MARCH 15, 2004 |
| | : | |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

I.    **DSA's Claims Regarding Rejection of Battery Systems**

1.    **Non-Conforming Goods.**

Under Connecticut law, if the Battery Systems that DSA purchased ***failed in any***
***respect*** to conform to the Purchase Order and/or the Bill of Materials, DSA has the right
to reject all of the Battery Systems and Collateral Materials.  Conn. Gen. Stat. Section 2-
601.  If you find that DSA never accepted the Battery Systems and Collateral Materials,
MGE has the burden to prove that the goods conformed to the Bill of Materials and the

Purchase Order.  Conn. Gen. Stat. Section 42a-2-607(4).  If you find that MGE has failed to prove that the goods conformed to the Bill of Materials and the Purchase Order, then you must find that the goods were non-conforming and that therefore DSA had the right not to accept the goods.  Conn. Gen. Sat. Section 42a-2-601.

        2.        **Acceptance.**

Under Connecticut law, DSA was entitled to inspect the Battery Systems before acceptance at any reasonable place and time and in any reasonable manner.  Conn. Gen. Stat. § 42a-2-513.  Under Connecticut law, acceptance of the Battery Systems by DSA could only occur when DSA, after a reasonable opportunity to inspect, signified to MGE that the Battery Systems conformed to the Purchase Order and Bill of Materials.  Conn. Gen. Stat. Section 42a-26-606.  Unless you find that DSA, after a reasonable opportunity to inspect the Battery Systems, signified to MGE that the Battery Systems conformed to the Purchase Order and the Bill of Materials, then you must find that DSA **did not** accept the Battery Systems.

        3.        **Revocation of Acceptance.**

If you find that DSA accepted the Battery Systems, you must also determine whether DSA justifiably revoked that acceptance.  Under Connecticut law, if a buyer is

2

found to have accepted goods, the buyer can revoke acceptance of them if it discovers that there is a problem with the goods which greatly reduces their value to him. Conn. Gen. Stat. § 42a-2-608(2); *see also* **Plateq Corp. of North Haven v. Machlett Laboratories**, *Inc.*, 189 Conn. 433, 437 (1983); *Superior Wire & Paper Products, Ltd. v. Talcott Tool & Machine, Inc.,* 184 Conn. 10, 16, 441 A.2d 43 (1981); *Conte v. Dwan Lincoln-Mercury, Inc.,* 172 Conn. 112, 120-21, 374 A.2d 144 (1976). The "substantial impairment of value" is a question of fact for you to determine. You must decide if MGE's failure to provide goods which met the specifications in the Bill of Materials and Purchase Order constitutes a "substantial impairment of value" of the goods for DSA. If so, then you must find that DSA rightfully revoked its acceptance of the goods.

   4.  **Damages for Non-Conforming Goods.**

   When a buyer rejects or revokes its acceptance of the seller's goods, the buyer may cancel the contract and recover the purchase price. Conn. Gen. Stat. Section 42a-2-711(1). Under Connecticut law, if DSA rejected the goods and MGE refused to take the goods back, DSA had the right to re-sell the goods to try to mitigate, or recoup, its damages. Conn. Gen. Stat. Section 2-711(3); *Keeler v. General Products*, 137 Conn. 247 (1950). Therefore, in addition to recovering its purchase price, DSA can also recover any costs incurred in the "inspection, receipt, transportation, care and custody" of the goods

3

that it rejected. Conn. Gen. Stat. § 42a-2-711(3). You must decide, based on the evidence and testimony you have heard, the proper amount of DSA's damages, keeping in mind that the law allows DSA to recover not only the purchase price, but the incidental expenses paid in connection with the goods.

5.    **Attorney's Fees.**

DSA's Purchase Order provides that DSA shall have the right to demand and recover from MGE any and all fees and costs, including attorney's fees, in the enforcement of the terms and conditions thereof, or in recovering damages by reason of MGE's breach of any such terms and conditions. If you find that DSA incurred fees and costs, including attorney's fees, in the enforcement of the Purchase Order or by reason of MGE's breach thereof, then you must award DSA attorney's fees and costs, with the amount to be set by the Court. In addition, in the event that DSA prevails in defending MGE's claims under the Promissory Note and the Sublease, then you must award DSA attorney's fees and costs associated with that defense, as each of those operative documents requires the losing party to pay the fees and costs of the prevailing party.

6.    **Interest.**

You have discretion to award DSA interest on its damages. In order for you to award interest, you must determine if MGE, in failing to refund DSA's money and

4

accept return of the Battery Systems, wrongfully detained DSA's money. If you find that MGE wrongfully detained DSA's money, then you must next determine the date on which that wrongful retention began. *Maloney v. PCRE, LLC*, 68 Conn. App. 727, 754-55 (2002).

## II.    DSA's Claims Regarding Commissions

### 1.    Fail to Pay Commissions/Breach of Contract

"The key elements of a breach of contract action are: (1) the formation of an agreement; (2) performance by one party; (3) breach of the agreement by the other party; and (4) damages." *Maloney v. Connecticut Orthopedics, P.C.*, 47 F. Supp. 2d 244, 249 (1999). If you find that DSA had a contract that required MGE to pay DSA commissions and that DSA performed under that contract by selling MGE products, then you must find that MGE owes DSA commissions.

### 2.    Damages for Failure to Pay Commissions/Breach of Contract.

"In an action at law based upon contract, the party seeking recovery has the burden of proving by the fair preponderance of evidence the amount of his damages." *The Bronson & Townsend Co. v. Battistoni*, 167 Conn. 321, 326 (1974). "Damages may be based on 'reasonable and probable estimates.'" *Bertozzi v. McCarthy*, 164 Conn. 463, 468 (1973), *citing Kay Petroleum Corp. v. Piergrossi*, 137 Conn. 620, 624 (1951). If

5

you find that DSA has proven "reasonable and probable" estimates of its damages for MGE's breach of the Rep Agreement, then you should award DSA the amount of those damages.

### 3. Interest.

You have discretion to award DSA interest on its damages.  In order for you to award interest, you must determine if MGE, in failing to pay DSA commissions, wrongfully detained DSA's money.  If you find that MGE wrongfully detained DSA's money, then you must next determine the date on which that wrongful retention began. *Maloney v. PCRE, LLC*, 68 Conn. App. 727, 754-55 (2002).

### 4. Mitigation of Damages

MGE has asserted a defense that any damages awarded should be reduced or eliminated for DSA's failure to mitigate damages.  It is MGE's burden to prove by a preponderance of the evidence that DSA failed to exercise reasonable care to minimize its damages.  If you find that MGE has met this burden, you must reduce any award of damages to DSA by the amount that MGE establishes that DSA reasonably could have avoided.  *See Newington v. General Sanitation Service Co.*, 196 Conn. 81, 85-86 (1985); *Camp v. Cohn,* 151 Conn. 623, 627 (1964); 3 Restatement (Second), Contracts § 350 (1979).

6

**III.    DSA's Defenses to Counterclaims**

     **1.    Condition Precedent with Regard to Promissory Note.**

     DSA claims that it is not liable on the Secured Promissory Note dated August 8, 2001 because MGE failed to satisfy a condition precedent to the enforcement of the Secured Promissory Note.  Under Connecticut law, if a condition precedent is not fulfilled, the right to enforce a contract does not come into existence.  *Maloney v. PCRE, LLC*, 68 Conn. App. 727, 739 (2002).  If you find that MGE was obligated to satisfy a condition precedent to the enforcement of the Secured Promissory Note and did not satisfy that condition, then you must find that MGE has no right to enforce the Promissory Note and that DSA has no obligation to pay the Promissory Note.

     **2.    Mailbox Rule with Regard to Promissory Note.**

     DSA claims that the Secured Promissory Note is not enforceable because MGE did not satisfy a condition precedent to the Secured Promissory Note's enforcement contained in a letter attached to the Secured Promissory Note.  If you find that DSA mailed the cover letter to MGE, then you must presume that MGE received the cover letter and is bound by its terms.  *Allstate Ins. Co. v. Connecticut Dept. of Transp.*, 2003 WL 21061214 (Conn. Super. Ct. 2003).

     **3.    Cancellation of Sublease/Waiver.**

7

DSA claims that when MGE terminated DSA as a sales representative in September, 2002, MGE released DSA from its obligations under the Sublease and/or waived its right to hold DSA to the Sublease.  DSA claims, pursuant to the Rep Agreements, that if MGE terminated the Rep Agreements, then DSA had no obligation to MGE under the Sublease.  If you find that the terms of the Rep Agreement provides that cancellation of the Rep Agreements served to cancel the Sublease without any liability to DSA, then you must find that DSA has no obligation to MGE under the Sublease.

### 4.    Mitigation of Damages

MGE has a duty to mitigate the damages it claims to have suffered with respect to its counterclaims against DSA.  It is DSA's burden to prove by a preponderance of the evidence that MGE failed to exercise reasonable care to minimize its damages.  If you find that DSA has met this burden, you must reduce any award of damages to MGE by the amount that DSA establishes that MGE reasonably could have avoided.  *See Newington v. General Sanitation Service Co.*, 196 Conn. 81, 85-86 (1985); *Camp v.*

*Cohn,* 151 Conn. 623, 627 (1964); 3 Restatement (Second), Contracts § 350 (1979).

**THE PLAINTIFF, DATA SUPPORT ASSOCIATES, INC.**

By_____/s/Gary S. Klein_____

　　　　　Gary S. Klein (ct 09827)
　　　　　Sandak Hennessey & Greco, LLP
　　　　　970 Summer Street
　　　　　Stamford, CT  06905
　　　　　(203) 425-4200
　　　　　(203) 325-8608 (fax)
　　　　　gklein@shglaw.com
　　　　　Its Attorneys

9