**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| DATA SUPPORT ASSOCIATES, INC.<br>　　　　Plaintiff,<br>VS.<br><br>MGE UPS SYSTEMS, INC.<br>　　　　Defendant.<br><br><br>MGE UPS SYSTEMS, INC.<br>　　　　Third Party Plaintiff,<br>VS.<br><br>ENERSYS, INC.<br>　　　　Third Party Defendant. | :  CIVIL ACTION NO.<br>:<br>:  3:02 CV 1418 (EBB)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:  SEPTEMBER 29, 2004 |

## CORRECTED MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND THIRD AMENDED ANSWER, SEPARATE AND ADDITIONAL DEFENSES, AND COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 15(a), the Defendant/Counterclaim Plaintiff/Third Party Plaintiff, MGE UPS Systems, Inc. ("MGE"), respectfully submits this Corrected Memorandum in Support of its Corrected Motion for Leave to Amend Third Amended Answer, Separate and Additional Defenses, and Counterclaims. The proposed amendment adds a sixth counterclaim. The amendment is based exclusively on the same evidence that underlies claims that have long been part of this case and as to which discovery has been taken. Accordingly, the amendment will not prejudice the opposing party. Moreover, such amendments have been permitted liberally both in this case and in this Circuit.

## BACKGROUND

### A.   Procedural History

On August 15, 2002, the Plaintiff, Data Support Associates, Inc. ("DSA"), filed a complaint against MGE. On January 14, 2003, MGE filed a third party complaint against Enersys, Inc. DSA filed its Second Amended Complaint, attached hereto as Exhibit A,[1] against MGE on January 29, 2004, and MGE responded with its Third Amended Answer, Separate and Additional Defenses, and Counterclaims on February 4, 2004. The discovery period closed on February 16, 2004, and this case is scheduled to be tried to the Court from October 13, 2004 through October 28, 2004.

Throughout the course of this case, all of the parties have amended their pleadings and/or sought leave to amend. No party has opposed any effort to amend.

### B.   Relevant Facts

DSA's claims against MGE are based in part on the alleged breach of a purchase order (the "Purchase Order"), which is attached as Exhibit B to the Second Amended Complaint. DSA alleges that it ordered a variety of equipment from MGE, including a number of battery monitoring systems and spill containment systems. (DSA's Compl. ¶¶ 25, 28-30.) DSA claims that it rejected/revoked this equipment but nevertheless claims that it paid MGE in full. (DSA's Compl. ¶¶ 31, 37.)

DSA has not paid in full for the equipment. Accordingly, MGE, in October 2002, filed a counterclaim against DSA for its breach of promissory note relating to the debt owed for the equipment. During discovery, MGE produced a document, attached hereto as Exhibit B,

---

[1] For the Court's convenience, Exhibits A and C of DSA's Second Amended Complaint have been excluded from the copy provided because they are bulky and are irrelevant to the motion.

identifying the basis for the promissory note. This document showed that the note was for the debt that DSA owed MGE for, inter alia, the purchase of the battery monitoring systems and spill containment systems.

During discovery, DSA produced a letter to MGE, attached hereto as Exhibit C, along with the promissory note. This letter purportedly placed a condition on the validity of the note, stipulating that MGE was required to attempt to resell the unwanted goods on DSA's behalf.[2] In its Memorandum Regarding Evidentiary Problems filed on March 15, 2004, DSA argued that the promissory note was "conditioned upon" the matters discussed in the letter, and that "MGE never met the conditions for the Note's delivery," thereby rendering the promissory note unenforceable. (Plffs. Mem. Reg. Evid. Prob. March 15, 2004, at 6.) In light of this potential defense to MGE's counterclaim for breach of promissory note, MGE seeks to add a counterclaim for breach of the Purchase Order. The Purchase Order is the subject of DSA's first cause of action for breach of purchase order (DSA's Compl. ¶¶ 25, 30-31) and also underlies MGE's first counterclaim for breach of promissory note. (MGE's Countercl. ¶¶ 9-18.)

**ARGUMENT**

**A. Applicable Legal Standards**

"Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend a party's pleading 'shall be freely given when justice so requires.'" Monahan v. N.Y. City Dep't of Corrections, 214 F.3d 275, 283 (2d Cir. 2000) (citation omitted). "[A]n amendment [under Rule 15] enables a party to assert matters that were overlooked or were unknown . . . at the time . . .

---

[2] As noted in the cover letter filed with this Motion, during discovery in this case, MGE was unable, despite diligent search, to find in its files a copy of the letter attached as Exhibit C. MGE did recently locate a copy of that letter in its files, has provided it to counsel for DSA, and has enclosed it with the cover letter being filed herewith. MGE is filing the Corrected Motion and Memorandum to reflect the fact that MGE has the letter in its files.

-3-

[of the] original complaint or answer." Hanlin v. Mitchelson, 794 F.2d 834, 840 (2d Cir. 1986) (citations and internal quotation marks omitted). A party may be permitted to amend a pleading after discovery closes, even if the evidence underlying the amendment was available at the time of the original pleading. See id. at 840-41. "[A]bsent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility, Rule 15's mandate must be obeyed." Monahan, 214 F.3d at 283.

"In determining what constitutes 'prejudice,' we consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). "[W]hile 'futility' is a valid reason for denying a motion to amend, this is true only where it is 'beyond doubt that the [moving party] can prove no set of facts in support' of his amended claims.'" Pangburn v. Culbertson, 200 F.3d 65, 71 (2d Cir. 1999) (citations omitted).

### B. The Court Should Allow the Amendment Because It Will Not Prejudice DSA and It Is Not Futile.

For DSA to be prejudiced by the amendment, the amendment must (1) require significantly more discovery, (2) delay the resolution of the dispute, or (3) prevent the opposition from filing in another jurisdiction. Block, 988 F.2d at 350. MGE's new counterclaim would not require DSA to conduct any additional discovery because the Purchase Order is the basis of DSA's Second Amended Complaint. DSA alleges that MGE breached the Purchase Order. (DSA's Compl. ¶ 38.) DSA claims that it paid MGE in full for the battery monitors and spill containment systems included in the Purchase Order. (DSA's Compl. ¶ 31.) MGE's new counterclaim alleges the opposite: DSA did not pay MGE for all of the goods listed in the

-4-

Purchase Order. Since DSA must already prove payment to prove the allegations in its own claim, MGE's new counterclaim would not require DSA to conduct any additional discovery prior to the trial, much less "significant" additional discovery.

MGE's existing counterclaim for breach of promissory note also is based on the Purchase Order. (MGE's Countercl. ¶¶ 9-18.) MGE's first counterclaim alleges that DSA failed to pay the balance and interest on the note it issued to MGE. This promissory note that DSA issued to MGE covers the debt that DSA owed MGE under the Purchase Order. The Purchase Order and the evidence surrounding its alleged non-payment, therefore, are relevant to MGE's first counterclaim as well as the new counterclaim. As a result, DSA need not conduct further discovery relating to MGE's new counterclaim. (See Exhibit B.)

The new counterclaim will not delay the resolution of the dispute. This action is already scheduled for trial in mid-October and neither MGE nor DSA would require an extension of the trial date or additional discovery due to the addition of the proposed counterclaim.

The new counterclaim will not prevent DSA from bringing a timely action in another jurisdiction. The amendment is a counterclaim for breach of contract and does not challenge or raise questions as to this Court's jurisdiction. The amendment, therefore, will not place DSA in a position where it would need to file its claims in another jurisdiction.

Finally, MGE's new counterclaim is not futile. MGE can and will prove facts that support its claim. As none of the factors concerning prejudice or futility is present, the Court should grant MGE's motion to amend.

### C. The Court Should Allow the Amendment Because It Is Brought In Good Faith and Leave to Amend Should Be Freely Given.

MGE is petitioning the Court to add a counterclaim in response to DSA's argument that the promissory note is unenforceable because it was "conditioned upon" the matters discussed in

-5-

the letter. MGE maintains that the promissory note is enforceable despite this argument. Nevertheless, given the possibility of a defense to its existing counterclaim, MGE must plead an alternative ground to recover that which DSA owes for breaching the underlying Purchase Order. Justice requires that MGE be permitted to do so.

Furthermore, allowing this amendment would be consistent with the pattern of permitting amendments in this action and also with the purpose of Rule 15. To date, this Court has granted every motion to amend filed in this case, and all of those motions have been unopposed. It is also the practice of this Circuit to grant such amendments liberally, <u>Monahan</u>, 214 F.3d at 283, even when the discovery deadline has passed or when the amendment could have been anticipated at the time of the original complaint. <u>See</u> <u>Hanlin</u>, 794 F.2d at 840-41. MGE therefore petitions the Court to grant its amendment in that same spirit.

## CONCLUSION

For the foregoing reasons, MGE respectfully requests that the Court grant it leave to amend its Third Amended Answer, Separate and Additional Defenses, and Counterclaims.

DEFENDANT/THIRD PARTY PLAINTIFF,
MGE UPS SYSTEMS, INC.

By _____
Michael P. Shea (ct#19598)
Mitchell R. Harris, (ct#09216)
Jason S. Weathers, (ct#24579)
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499
(860) 275-0100
(860) 275-0343 (fax)
Its Attorneys

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed on this date, via regular first class mail, postage prepaid, to:

Gary S. Klein, Esq.
Sandak Hennessey & Greco, LLP
970 Summer Street
Stamford, CT  06905

Daniel Huyett, Esq.
Stevens & Lee
111 North Sixth Street
P.O. Box 679
Reading, PA 19603

Bradford S. Babbitt, Esq.
Robinson & Cole
280 Trumbull St.
Hartford, CT 06103-3597

Patrick J. McHugh, Esq.
Finn, Dixon & Herling LLP
One Landmark Square
Suite 1400
Stamford, CT  06901-2689

_____
Michael P. Shea