SECURED PROMISSORY NOTE

$535,041.95　　　　　　　　　　　　　　　　　　　　　　　　　Costa Mesa, California
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　August 8, 2001

1.　　FOR VALUE RECEIVED, the undersigned, <u>Data Support Associates, Inc.</u>, a S-corporation ("Debtor"), promises to pay to MGE UPS Systems, Inc., a California corporation ("Vendor") or order, by check or wire transfer to a financial institution designated by Vendor in writing (or such other means pre-approved in writing by Vendor), the principal amount of Five Hundred Thirty Five Thousand Forty One and 95/100 Dollars ($535,041.95), with interest from the date hereof on the unpaid principal balance hereunder at the rate of <u>six and three quarters</u> percent (<u>6.75%</u>) per annum.

2.　　The entire principal balance, together with all accrued and unpaid interest, shall be due and payable by <u>August 7, 2002</u>. Interest shall be computed on the basis of a 360-day year and paid for the actual number of days elapsed.

3.　　The rate of interest payable hereunder shall in no event exceed the maximum rate permissible under applicable law. In the event Vendor ever receives, collects or applies as interest hereon any such excess, such amounts which would be excessive interest shall be deemed a partial prepayment of the principal amount outstanding and shall be treated as such, and if the principal amount outstanding under this Note has been paid in full, any remaining excess shall forthwith be paid to Debtor.

4.　　Payment under this Note shall first be credited against accrued and unpaid interest, and the remainder shall be credited against principal. This Note may be prepaid in whole or in part at any time. Any prepayment shall be without penalty except that interest shall be paid to the date of payment on the principal amount prepaid.

5.　　Payment due hereunder shall be made without set-off, counterclaim or deduction of any nature, to Vendor by check or wire transfer to a financial institution designated by Vendor (or such other means pre-approved by Vendor), in lawful money of the United States of America.

6.　　To secure the prompt payment to Vendor of the principal and accrued interest, and the prompt, full and faithful performance by Debtor of all of the provisions to be kept, observed or performed by Debtor hereunder, Debtor hereby grants Vendor a first priority purchase money security interest in certain products and/or services that Vendor has sold to Debtor, and that Debtor is currently holding as inventory for sale to its customers, namely (i) 26 strings of Yuasa 20-year maintenance free DD sealed batteries, (ii) 50 Vanner battery monitors, and (iii) 30 Enviroguard still containment systems (collectively, the "Collateral"), together with any improvements, additions, substitutions, replacements and accessions thereto, and all rights to payment for the Collateral ("Accounts"), including without limitation all chattel paper, contract rights, instruments, documents, general intangibles, accounts receivables, deposit accounts, and interest or dividends thereon, together with all modifications, extensions or renewals thereto, derived therefrom or related thereto, and whatever is received upon the sale, exchange, collection or other disposition of the Collateral ("Proceeds"), including without limitation all inventory, products and proceeds derived or received from the sale of the Collateral, and insurance payable by reason of loss or damage to any of the foregoing. Debtor agrees that its signature on this Secured Promissory Note can and may be used by Vendor for facilitation of filing a financing

statement in any location deemed necessary or advisable to perfect Vendor's security interest in the Collateral, Accounts and Proceeds, without the necessity to obtain an additional signature on the actual financing statement. Nonetheless, Debtor agrees to cooperate fully with Vendor in executing any additional documents, instruments, financing statements or amendments thereof as Vendor may deem necessary or advisable to maintain and continue the security interest created by this Note. Additionally, if the Collateral is attached to real property, Vendor shall be entitled to a lien against any such real property, whether such property belongs to Debtor or to any third party. In the event that the Collateral is sold to a third party, before final payment to Vendor hereunder, upon demand, Debtor agrees to assign to Vendor up to seventy-five (75%) percent any amounts due from such sale, and Vendor hereby obtains a lien to such proceeds, up to the amount due hereunder. Debtor is recognized as a dealer of the Collateral and, subject to the preceding sentence, it may sell the Collateral to buyers in the ordinary course of its business.

7. Debtor shall bear all reasonable costs and expenses that Vendor may incur in connection with (i) the exercise or enforcement of any of the rights of Vendor hereunder after the occurrence and during the continuation of default hereunder; or (ii) any workout, restructuring or similar arrangement. In the event of any dispute between the parties regarding their respective rights and obligations hereunder, the non-prevailing party shall bear all of the reasonable costs and expenses (including reasonable attorneys' fees and costs) incurred by the party prevailing in such dispute.

8. Intentionally Omitted

9. None of the provisions hereof and none of Vendor's rights or remedies hereunder on account of any past or future defaults shall be deemed to have been waived by any indulgence granted by Vendor to Debtor and/or Guarantor.

10. Debtor and Guarantor hereby waive diligence, non-payment, presentment, demand, protest and notice thereof or of dishonor.

11. This Note may not be changed, modified or terminated except by an agreement in writing signed by Debtor or any successor, heir or assign of Debtor, and Vendor or, subject to Section 12 hereof, any holder hereof.

12. This Note shall be binding upon the successors, heirs and assigns of Debtor and inure to the benefit of Vendor and its successors, endorsees and assigns. If any term or provision of this Note shall be held invalid, illegal or unenforceable, the validity of all other terms and provisions hereof shall in no way be affected thereby.

13. This Note shall be governed by and construed in accordance with the internal

laws of the State of California.

IN WITNESS WHEREOF, Debtor has caused this Note to be duly executed the day and year first above written.

DEBTOR:

Data Support Associates, Inc.
By its Authorized Officer:

_____
Rudy Kraus, CEO