# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| DATA SUPPORT ASSOCIATES, INC : | CIVIL ACTION NO. |
|     Plaintiff, : | |
| VS. : | |
| : | 3:02 CV 1418 (EBB) |
| MGE UPS SYSTEMS, INC. : | |
|     Defendant. : | |
| : | |
| MGE UPS SYSTEMS, INC. : | |
|     Third Party Plaintiff, : | |
| VS. : | |
| ENERSYS, INC., : | |
|     Third Party Defendant. : | |
| : | OCTOBER 8, 2004 |

## MEMORANDUM IN OPPOSITION TO
## CORRECTED MOTION FOR LEAVE TO AMEND

The Plaintiff Data Support Associates, Inc. ("DSA") hereby objects to the Defendant MGE UPS Systems, Inc.'s ("MGE") Corrected Motion for Leave to Amend dated September 29, 2004 (the "Motion"). The Motion comes on the eve of trial and asserts an entirely new theory of liability on MGE's Counterclaims. This new claim is unfairly prejudicial, untimely, and there is no basis for the Court to allow an amendment at this late juncture.

**ORAL ARGUMENT IS NOT REQUESTED**

I.     **BACKGROUND**

   A.     **Procedural History.**

This case has been trial ready since March 15, 2004, when the Joint Trial Memorandum was filed. The time for amending pleadings has long passed. The parties have not engaged in any discovery or other substantive work on this file since that date. MGE has learned no new facts or other information since March 15, 2004 that would require it to add new theories of recovery. Literally at the 11th hour, MGE is seeking to overcome a valid defense to MGE's Promissory Note with a new and completely different theory of recovery. This case is ready to proceed to trial on the existing pleadings and it is unfairly prejudicial to DSA for MGE to pursue a new theory at this late date.

   B.     **Relevant Facts.**

The facts underlying this Motion relate to MGE's Counterclaim regarding a Promissory Note dated August 8, 2001 (the "Promissory Note"). On August 8, 2001, DSA sent MGE the signed Promissory Note with a rider, in the form of a cover letter (the "Rider") from Rudy Kraus of DSA to Eric Schlobohm of MGE.[1] The Rider contained

---

[1] The Rider is attached to MGE's Motion as Exhibit C.

2

certain conditions precedent to the Promissory Note's becoming a "live" document. That is, unless MGE met the conditions precedent, the Promissory Note was null and void. As the Rider states clearly:

> [W]e enclose the Note to you conditioned upon your confirmation of the foregoing commitment. Please acknowledge your confirmation by signing and returning the enclosed counterpart of this letter to via overnight mail. If you are unwilling to sign and return the counterpart copy of this letter, please return the enclosed Note to us in the same fashion.

There is no dispute in this case that MGE never complied with the conditions stated in the Rider. There is also no dispute that MGE received the Rider (see Footnote 2, Page 3 of MGE's Corrected Motion). There is also no dispute that MGE never countersigned the Rider. Thus, there can be no dispute that the Promissory Note is null and void.

MGE has been aware of this defense and of the Rider since the very beginning of this case, and even before. Obviously, MGE received the Rider in August of 2001 with the signed Promissory Note, as it has admitted. Since it possesses the signed Promissory Note and there is no dispute that DSA sent the Rider with the Promissory Note, MGE obviously was aware of the Rider in August 2001. In December 2002, almost two years ago and only two months after the litigation began, DSA produced the Rider to MGE. At the deposition of Rudy Kraus, DSA's CEO, taken on May 2, 2003 (almost seventeen months ago), counsel for MGE spent significant time on the meaning of the Rider and

3

DSA's position that the Promissory Note is null and void.  *See* May 2, 2003 Deposition of Rudy Kraus at 260-263; 271-279 (copy attached as Exhibit A).  Mr. Kraus testified that the Rider was sent to MGE and never returned signed as required by the Rider.[2]

In preparing the Joint Trial Memorandum in February 2004, DSA was able to find the Federal Express receipt showing that the Rider and Promissory Note were, in fact, sent to MGE from the offices of DSA's corporate counsel, Berkowitz Trager & Trager, LLC (the "Receipt").  Upon discovering the Receipt, the undersigned immediately produced the Receipt to opposing counsel on February 26, 2004.  In addition, in the Joint Trial Memorandum filed on March 15, 2004, DSA disclosed that David Greenberg of Berkowitz Trager & Trager, LLC would testify that the Rider was sent to MGE in August 2001.  Moreover, in the Joint Trial Memorandum filed on March 15, 2004, DSA asserted an evidentiary argument that the Promissory Note which forms the basis of MGE's Counterclaim should not be admitted into evidence because MGE never complied with the conditions stated in the Promissory Note's rider.  *See* Argument III in Plaintiff's Memorandum Regarding Evidentiary Problems dated March 15, 2004.  Between February 26, 2004 and September 17, 2004, no issues were raised by any party about the Receipt, the Rider, or the designation of David Greenberg as a witness.

---

[2] Pursuant to the "mailbox rule", this evidence is sufficient to establish that MGE received the Rider. *Allstate Ins. Co. v. Connecticut Dept. of Transp.*, 2003 WL 21061214 (Conn. Super. Ct. 2003).

Thus, there is no "new evidence" that warrants or justifies MGE's completely changing its theory of recovery. In fact, the Motion is an 11th hour attempt to try to invent a new theory of recovery in order to overcome a valid and lawful defense to the Promissory Note.

## II. ARGUMENT.

**The Court Should Deny the Motion as Untimely and Unfairly Prejudicial.**

Under Second Circuit case law, in order for the District Court to grant an "eve of trial" amendment, MGE must identify some compelling reason or excuse for this multi-year delay. *Evans v. Syracuse City School Dist.*, 704 F.2d 44, 46-48 (2d Cir. 1983)(reversing district court's granting of an "eve of trial" amendment). MGE has presented no such reason or excuse. MGE's newest cause of action is purportedly based upon facts that arose prior to commencement of this lawsuit. Thus, no new facts arose *during this case* that form the factual basis for MGE's new claim. MGE has identified no reason why it could not have brought this claim long ago—certainly before the discovery period ended.

In addition, MGE admits that it is bringing this entirely new claim because DSA has a valid defense to the Promissory Note, a defense that has existed since the first day this case hit the docket. That is, MGE knows it will lose its claim on the Promissory

5

Note and has invented a new theory at the 11th hour to try to rehabilitate itself. This is not justification for an "eve of trial" prejudicial amendment under *Evans*.

Not only could MGE have pursued this new counterclaim the day this case began, but it certainly could have pursued this counterclaim when DSA produced evidence of its valid defense to the Promissory Note. DSA produced the evidence underlying its defense to the Promissory Note in December 2002. In May 2003, Rudy Kraus, DSA's CEO, testified at length about this defense and established that the Rider was sent to MGE. MGE made no effort to amend its counterclaims at that time. In February 2004, weeks prior to the filing of the Joint Trial Memorandum, DSA produced the Receipt. On March 15, 2004, in the Joint Trial Memorandum, DSA identified Mr. Greenberg as a witness. Mr. Greenberg will testify to the same facts Mr. Kraus did in his May 2, 2003 deposition—that DSA sent the Rider to MGE. This is nothing new. Nevertheless, MGE could have sought leave to amend in March 2004, after having received this "new" information. MGE sat silent.

MGE now seeks to ambush DSA on the eve of trial. DSA's damages exceed $5,000,000.00 and DSA lost that money long ago. Since March 2004, DSA has been pressing for a trial date (along with MGE). Over the summer of 2004, the Court's staff suggested that the trial might be set for October 2004. Late in the summer of 2004, the

6

Court officially scheduled the trial for October 2004.  MGE could have used the lull between March 15, 2004 and September 17, 2004 to seek to amend.  MGE sat silent.  MGE could have used the time during which no firm trial date was set to seek to amend.  MGE sat silent.   MGE could have sought to amend shortly after the Court officially set the trial date.  MGE sat silent.

It was not until September 29, 2004, days before the start of the trial, that MGE finally broke its silence.  That is too late.  DSA has been working hard to prepare for this lengthy and important trial based upon the pleadings as they currently exist.  Since discovery is closed, DSA cannot take discovery (nor does it have the time considering the trial date) on this new claim.  Had MGE asserted this claim on a timely basis, DSA could have taken the depositions of MGE's credit and finance personnel, could have crafted a proper defense to this claim, and could have undertaken a proper documentary investigation of the issue.  At this point, DSA is preparing for a long and difficult trial and has no ability to undertake this task.

Under the standard set forth in *Evans*, since MGE has not shown a compelling reason or an appropriate excuse for its delay, the Court must deny the Motion.   There is no basis for the Court to authorize an "eve of trial" amendment.

### III.     CONCLUSION.

7

It is simply too late to be amending pleadings to invent new theories of recovery. The Court should deny MGE's last minute attempt to ambush DSA and deny the Motion. If the Court grants this Motion, DSA will suffer unfair prejudice and MGE has presented no justification for its delay in crafting its last minute new theory.

**THE PLAINTIFF, DATA SUPPORT ASSOCIATES, INC.**

By_____/s/_____
Peter M. Nolin (ct06223)
Gary S. Klein (ct 09827)
Sandak Hennessey & Greco, LLP
707 Summer Street
Third Floor
Stamford, CT  06901
(203) 425-4200
(203) 325-8608 (fax)
gklein@shglaw.com
Its Attorneys

**EXHIBIT A**

## **CERTIFICATION**

      I certify that a copy of the foregoing was sent via facsimile on October 8, 2004 to:

Michael P. Shea, Esq.
Day Berry & Howard
CityPlace I
Hartford, CT 06103

Bradford S. Babbitt, Esq.
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103-3597

Daniel B. Huyett, Esq.
Stevens & Lee
111 North Sixth Street
P.O. Box 679
Reading, PA 19603-0679

                                               _____/s/_____
                                                      Gary S. Klein